UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-one.

PRESENT:
    AMALYA L. KEARSE,
    PIERRE N. LEVAL,
    SUSAN L. CARNEY,
        *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                                                   No. 20-201

DANIEL SCHWARZ,[*]

    *Defendant-Appellant.*

———————————————————————

| | |
|---|---|
| FOR APPELLANT: | Edward S. Zas and Barry D. Leiwant, Assistant Federal Public Defenders, Federal Defenders of New York, Inc., New York, NY. |

---

[*] The Clerk of Court is directed to amend the caption to conform to the above.

| | |
|---|---|
| FOR APPELLEE: | David C. James and Allen L. Bode, Assistant United States Attorneys, *for* Seth D. DuCharme, Acting United States Attorney, Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the challenged condition of supervised release is **VACATED** and the case is **REMANDED**.

In a January 9, 2020 judgment, the district court (Spatt, *J.*) sentenced Defendant-Appellant Daniel Schwarz to 14 months' imprisonment based on Schwarz's plea of guilty to violating a condition of his supervised release. As part of its sentence for the violation, the district court imposed a two-year term of supervised release to follow Schwarz's 14-month term of incarceration. The district court's written judgment specifies that Schwarz's supervised release is subject to the following condition, among others:

> If the probation officer determines that that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

App'x 72. Schwarz now challenges this risk notification condition, arguing that this Court's binding precedent requires that the condition be vacated.

Although we generally review conditions of supervised release for abuse of discretion, we review de novo challenges that are based on an issue of law. *See United States v. McLaurin*, 731 F.3d 258, 261 (2d Cir. 2013).

In an opinion issued in the year before the district court imposed the challenged sentence, we vacated a supervised release condition identical to the condition imposed here, explaining that the condition was "vague and afford[ed] too much discretion to the probation officer." *United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019); *see also United States v.*

*Insaidoo*, 765 F. App'x 522, 526 (2d Cir. 2019) (summary order) (vacating same condition and citing *Boles*, 914 F.3d at 111-12). The government agrees with Schwarz that the risk notification condition imposed on him is invalid under *Boles*. It consents to vacatur of the challenged condition and to remand so that the district court may impose a risk notification condition that complies with *Boles* and related precedent.

Schwarz raises no other challenges to his sentence on appeal. In light of the developments discussed above, we **VACATE** the risk notification condition of Schwarz's supervised release imposed in 2020 and **REMAND** this case to the district court to permit it, in its discretion, to impose a suitably revised condition.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court